No. 16-3279
IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| DAVID M. GILL, DAWN MOZINGO, DEBRA KUNKEL, LINDA R. GREEN, DON NECESSARY, and GREG PARSONS<br><br>      Plaintiffs-Appellees,<br><br>v.<br><br>CHARLES W. SCHOLZ, sued in his official capacity as the Chairman of the Illinois State Board of Elections & the State Officers Electoral Board, et al.,<br><br>      Defendants-Appellants. | Appeal from the United States District Court for the Central District of Illinois<br><br>No. 16-cv-3221<br><br><br><br>The Honorable<br>SUE E. MYERSCOUGH,<br>Judge Presiding |

**OBJECTION TO THAT PART OF DEFENDANTS-APPELLANTS' RESPONSE WHICH SEEKS TO VACATE THE DISTRICT COURT'S PRELIMINARY INJUNCTION**

NOW COME the Plaintiffs-Appellees, DAVID M. GILL ("Candidate Gill"), DAWN MOZINGO, DEBRA KUNKEL, LINDA R. GREEN, DON NECESSARY and GREG PARSONS (collectively "Plaintiffs") by and through their attorneys, SAMUEL J. CAHNMAN and ANDREW FINKO, and, for their Objection To That Part Of Defendants-Appellants' Response Which Seeks To Vacate The District Court's Preliminary Injunction, state:

1. The only issue raised by Plaintiffs-Appellees' Motion To Dismiss Appeal As Moot is whether this appeal is in fact moot, and therefore should be dismissed, in its entirety, without reaching the merits of the appeal.

2. The Defendants'-Appellants' Response concedes the Plaintiffs'-Appellees' Motion by stating in paragraph 5: "Defendants agree the appeal is now moot."

3. The Defendants'-Appellant's assertion that the appeal is moot, but there is another

issue in this appeal, i.e. whether the Plaintiffs were entitled to a preliminary injunction, and such issue should be disposed *without* briefing or argument on the merits, is ludicrous.

4. By definition, if an appeal is moot, there is nothing left to decide, and this honorable appellate court would be divested of jurisdiction to enter any order on the merits of the actual appeal.

5. If this Court were to vacate the preliminary injunction, it would have the effect of allowing the Defendants-Appellants to win this appeal without the Plaintiffs-Appellees having the opportunity to present argument why the entry of the preliminary injunction was correct.

6. Further, Defendants'-Appellants' argument that there is no guarantee that this case will proceed to final judgment, or that Plaintiffs still have standing to pursue their claims post-election (Defendants-Appellants' Resp. at 3) has no merit, and is purely speculative.

7. Plaintiffs-Appellees fully intend to pursue their claims before the district court to final judgment once a decision is issued regarding this appeal, and this case is remanded back to the district court.

8. The case law is clear that Plaintiffs continue to have standing to prosecute their federal constitutional claims post-election because said clams are "capable of repetition yet evading review." Specifically, similar mootness issues were addressed in *Krislov v. Rednour,* which held that "[t]he passage of an election does not necessarily render an election-related challenge moot and that such challenges may fall within the 'capable of repetition yet evading review' exception to the mootness doctrine. See *Moore v. Ogilvie*, 394 U.S. 814, 816, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969); *Stewart v. Taylor,* 104 F.3d 965, 969 (7th Cir.1997)." *Krislov v. Rednour*, 226 F. 3d 851, 858 (7th Cir. 2000).

9. Similarly, under Illinois law, Plaintiffs-Appellees also continue to have standing

under the "public interest exception," which provides as follows:

> The public interest exception to the mootness doctrine allows a court to reach the merits of a case which would otherwise be moot if the question presented is of a public nature, an authoritative resolution of the question is desirable for the purpose of guiding public officers, and the question is likely to recur. *Wisnasky-Bettorf v. Pierce*, 2012 IL 111253, ¶ 12, 965 N.E.2d 1103; *Goodman v. Ward*, 241 Ill.2d at 404, 948 N.E.2d 580.

*Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 44-45, 975 N.E.2d 583. See also, *Cinkus v. Village of Stickney Municipal Officers Electoral Board,* 228 Ill.2d 200, 886 N.E.2d 1011, 1017 (2008).

WHEREFORE, the Plaintiffs-Appellees respectfully request that this court to dismiss this appeal as moot and remand it to the district court for further proceedings and make no other orders.

                Respectfully submitted,

By:    /s Samuel J. Cahnman
        Attorney for Plaintiffs-Appellees

| | |
|---|---|
| SAMUEL J. CAHNMAN | ANDREW FINKO |
| Attorney at Law | Attorney at Law |
| 915 S. Second St. | 180 West Washington, Suite 400 |
| Springfield, IL 62704 | Chicago IL 60602 |
| 217/528-0200 | (773) 480-0616 |
| samcahnman@yahoo.com | finkolaw@fastmail.fm |

### CERTIFICATE OF SERVICE

The undersigned certifies that on November 21, 2016, that he electronically filed the foregoing with the Clerk of the Court of Appeals for the Seventh Circuit using the CM/ECF system, which will send notification of such filing to all parties and counsel of record who are ECF filers, and that on this same date, a PDF copy was also emailed to counsel, Deputy Solicitor General, Brett Legner, blegner@atg.state.il.us.

        /s Samuel J. Cahnman